UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES HENRY GREEN, | ) | |
| Petitioner, | ) ) | 3:11-cv-00230-ECR-VPC |
| vs. | ) ) | |
| E.K. McDANIEL, *et al.*, | ) ) | **ORDER** |
| Respondents. | ) ) ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 16.) Petitioner has opposed the motion. (ECF No. 25.) After a thorough review, the court grants the motion in part and denies the motion in part.

**I. Preliminary Matters**

Before turning the motion to dismiss, the court addresses two outstanding motions. First, petitioner has moved for copies of the trial transcript from his criminal case C238875. (ECF No. 10.) The transcripts requested by petitioner are included in the exhibits attached to respondents' motion to dismiss. Accordingly, the court denies the motion as moot.

Second, respondents move to substitute Renee Baker in place of E.K. McDaniel as a respondent in this action because Baker has succeeded McDaniel as the warden of Ely State Prison. (ECF No. 24.) The court grants the motion and substitutes Renee Baker for E.K. McDaniel as a respondent.

**II.    Procedural History and Background**

On December 14, 2007, the State of Nevada filed an information in the Eighth Judicial District

Court for the State of the Nevada ("District Court") charging Petitioner, James Henry Green, with one count of attempted murder with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, and one count of mayhem with use of a deadly weapon. (Exhibits to Mot. to Dismiss Ex. 1, ECF No. 17.)[1] After a jury trial, the jury returned a verdict finding petitioner guilty of one count of attempted murder with use of a deadly weapon and one count of mayhem with use of a deadly weapon. (*Id*. Ex. 6.) The District Court sentenced petitioner to 60 to 240 months for the attempted murder charge, with an equal and consecutive term for use of a deadly weapon, with the sentence to run consecutive to criminal case C238876. (*Id*. Ex. 8.) The District Court dismissed the mayhem charge as redundant and issued its judgment of conviction on June 13, 2008. Petitioner appealed. (*Id*. Ex. 9.) On May 13, 2009, the Nevada Supreme Court affirmed petitioner's convictions. (*Id*. Ex. 12.)

On May 3, 2010, petitioner filed a post-conviction petition in District Court. (*Id*. Ex. 13.) The District Court denied post-conviction relief on July 24, 2010. (*Id*. Ex. 14.) Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 15.) On January 13, 2011, the Nevada Supreme Court affirmed the District Court's decision. (ECF No. 8-2 at 1-6.)

Petitioner filed his federal petition for writ of habeas corpus in this court on March 26, 2011. (ECF No. 1.) Respondents move to dismiss several grounds in the petition because they are unexhausted.

**III.   Exhaustion**

Respondents move to dismiss grounds 1A, 1B, 3D, 4C, 5B, 5D, 5E, 5F, 5G, and 6B(1)-(5) as unexhausted because these grounds have never been addressed by the Nevada Supreme Court.

In response, petitioner provides his opening brief presented to the Nevada Supreme Court on appeal from the denial of his state post-conviction petition to show that he fairly presented his claims.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

---

[1] The exhibits referenced in this order are found in the court's record at ECF No 17, which were filed with respondents' motion to dismiss.

2

exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different

posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

    A.  Grounds 5B, 5D

In ground 5B, petitioner claims that his right to due process was violated when the prosecution suppressed evidence of the extensive criminal history of victim Kevin Tippens, including the arrangements provided to him in exchange for his testimony. In ground 5D, petitioner claims that his right to due process was violated when the state district court failed to make factual findings on certain issues and arrived at conclusions that were not supported by the record.

After reviewing the record, including the opening brief provided by petitioner, the court concludes that grounds 5B and 5D are unexhausted because petitioner failed to fairly present them to the Nevada Supreme Court. Accordingly, the court grants respondents motion to dismiss grounds 5B and 5D as unexhausted.

    B.  Grounds 1A, 1B, 2A, 3D, 4C, 5E, and 6B(1)-(5)

In ground 1A, petitioner claims that his right to due process was violated because the selection process for the court was arbitrary and capricious due to the prosecutor displaying a conscious indifference to a procedural rule. In ground 1B, petitioner claims that his right to due process was violated because the state failed to acquire jurisdiction by criminal complaint. In ground 2A, petitioner claims that his right to effective assistance of counsel was violated because there was a conspiracy between his court-appointed attorney and the prosecutor. In ground 3D, petitioner claims his right to due process was violated because the state district court issued a defective order of commitment without probable cause. In ground 4C, petitioner claims that his right to effective assistance of counsel was violated because "procedural failure is attributable to intentional decision by a rogue court-appointed attorney but not made in interest of client." In ground 5E, petitioner claims that his right to due process was violated by the state district court's cumulative errors because it: (1) responded to juror questions without consulting with counsel; (2) limited defendant's presentation of the evidence regarding the

violent character of victim Kevin Tippens; and (3) ordered defendant committed without a probable cause hearing or his presence.[2] In ground 6B, petitioner claims that his right to effective assistance of counsel was violated when his court-appointed attorney: (1) failed to conduct an investigation and present mitigating evidence to the jury; (2) failed to object to unconstitutional jury instructions; (3) failed to interview any witnesses; (4) failed to effectively cross-examine Kevin Tippens; and (5) failed to mention evidence that petitioner was being robbed.

The court's review of the documents submitted by the parties demonstrates that the above grounds were fairly presented to the Nevada Supreme Court. Accordingly, the court denies respondents' motion to dismiss these grounds as unexhausted.

### IV.     Failure to State a Claim

Respondents argue that grounds 1A, 1B, 2A, 2B, 2C, 2D, 4C, and 5E are vague and conclusory and fail to state a claim.

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In ground 1A, petitioner claims that his right to due process was violated because the selection process for the court was arbitrary and capricious due to the prosecutor displaying a conscious indifference to a procedural rule. In ground 1B, petitioner claims that his right to due process was violated because the state failed to acquire jurisdiction by criminal complaint. In ground 2A, petitioner claims that his right to effective assistance of counsel was violated because there was a conspiracy between his court-appointed attorney and the prosecutor. In ground 2C, petitioner claims that his right

---

[2] Respondents divide ground 5E into three subparts and address each as a separate claim. However, it appears that petitioner seeks to state a cumulative error claim. Accordingly, the court addresses respondents' grounds 5E, 5F, and 5G as one cumulative error claim enumerated as 5E.

to effective assistance of counsel was violated because counsel failed to object to Judge Bell presiding over the motion in limine hearing occurring on May 14, 2008 instead of Judge Lohrer. In ground 4C, petitioner claims that his right to effective assistance of counsel was violated because "procedural failure is attributable to intentional decision by a rogue court-appointed attorney but not made in interest of client." In ground 5E, petitioner claims that his right to due process was violated by the state district court's cumulative errors because it: (1) responded to juror questions without consulting with counsel; (2) limited defendant's presentation of the evidence regarding the violent character of victim Kevin Tippens; and (3) ordered defendant committed without probable cause hearing or his presence.

Grounds 1A, 1B, 2A, 2C, 4C, and 5E constitute bald legal conclusions devoid of the necessary factual support to state viable claims for habeas relief. Petitioner provides few, if any, factual allegations in asserting any of these claims. Even with the benefit of liberal construction, grounds 1A, 1B, 2A, 2C, 4C, and 5E fail to state claims and must be dismissed as conclusory.

However, grounds 2B and 2D are sufficient plead so that they must be addressed on the merits. In ground 2B, petitioner claims that his right to effective assistance of counsel was violated because his court-appointed attorney failed to raise certain claims on direct appeal despite petitioner's request that he raise those claims. In ground 2D, petitioner claims that his right to effective assistance of counsel was violated because his court-appointed attorney failed to mention self defense or evidence showing petitioner was robbed in either his opening or closing statement. In liberally construing petitioner's allegations, the court concludes that grounds 2B and 2D contain sufficient factual detail requiring disposition on the merits. Accordingly, respondents' motion to dismiss grounds 2B and 2D as conclusory is denied. In their answer, respondents shall address the merits of grounds 2B and 2D.

**V.  Procedural Default**

Respondents move to dismiss grounds 1C and 5A as procedurally defaulted. Respondents argue that the Nevada Supreme Court held that these grounds were barred by Nev. Rev. Stat. §§ 34.810(b) and 34.810(3).

Petitioner contends that he was denied the effective assistance of counsel on direct appeal, which

constitutes good cause and prejudice to overcome the statutory bars imposed by the Nevada Supreme Court.

### A. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of]

7

> constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Here, in ground 1C, petitioner claims that his due process rights were violated because the trial court committed constitutional error by allowing the motion in limine hearing before Judge Bell, who was biased. In ground 5A, petitioner claims that his due process rights were violated because the state failed to disprove self defense and the state district court failed to give a self defense instruction to the jury.

Petitioner raised these arguments in his post-conviction petition in state court. In affirming the district court's denial of petitioner's post-conviction petition on this ground, the Nevada Supreme Court concluded that these arguments were "not proper for a post-conviction petition for writ of habeas corpus absent a demonstration of good cause and prejudice for raising them. NRS 34.810(b)[3]; NRS 34.810(3)." The Nevada Supreme Court concluded that petitioner failed to demonstrate any good cause or prejudice and that the district court did not err in denying these claims. The Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to review grounds 1C and 5A. (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme Court's holding that grounds 1C and 5A are procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) and Nev. Rev. Stat. § 34.810(3) was an independent and adequate ground for the court's dismissal.

---

[3] Although the Nevada Supreme Court cited to "NRS 34.810(b)," it appears that this is a typographical error and that the intended citation is NRS 34.810(1)(b).

### B. Cause and Prejudice

As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner argues that the ineffective assistance of his appellate counsel on direct appeal constitutes cause for the default of grounds 1C and 5A. First, ground 2C of petitioner's federal habeas corpus petition contains a claim arguing the ineffective assistance of counsel that is similar, if not identical, to the argument petitioner presents with respect to the cause and prejudice analysis here. As discussed above, this ground fails to state a claim. Petitioner fails to provide any analysis or factual support beyond conclusory allegations. Because this argument fails to even state a cognizable independent ineffective assistance of counsel claim, it also fails to establish cause and prejudice with respect to overcoming the procedural default of ground 1C.

Second, as discussed above, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. In this case, petitioner failed to present an ineffective assistance of counsel claim to the Nevada Supreme Court based on counsel's failure to argue on direct appeal that the state failed to disprove self defense and the state district court failed to give a self defense instruction to the jury. Thus, the argument petitioner advances to overcome the procedural default of ground 5A is unexhausted because it was not presented to the state courts. Because an unexhausted claim of ineffective assistance of counsel cannot establish cause, petitioner fails to show cause for the procedural default of ground 5A. Accordingly, the court dismisses grounds 1C and 5A as procedurally defaulted.

### VI. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to

dismissal. *Id.* In the instant case, the court finds grounds 5B and 5D are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**VII. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for copies of trial transcripts (ECF No. 10) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that respondents' motion to substitute party (ECF No. 24) is **GRANTED.** The clerk **SHALL** substitute Renee Baker for E.K. McDaniel as a respondent in this action.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (ECF No. 16) is **GRANTED in part, and DENIED in part**, as follows:

1. The motion to dismiss grounds 5B and 5D as unexhausted is **GRANTED.**

2. The motion to dismiss grounds 1A, 1B, 2A, 3D, 5E, and 6B(1)-(5) as unexhausted is **DENIED.**

3. The motion to dismiss grounds 1C and 5A as procedurally defaulted is **GRANTED.**

    4. The motion to dismiss grounds 1A, 1B, 2A, 2C, 4C, and 5E for failure to state a claim is **GRANTED.**

    5. The motion to dismiss grounds 2B and 2D for failure to state a claim is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 14th day of March, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE