UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES H. GREEN,<br><br>Petitioner,<br>v.<br><br>E.K. McDANIEL, *et al.*,<br><br>Respondents. | Case No. 3:11-cv-00230-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

On March 14, 2012, the Court entered an order, granting in part and denying in part, respondents' motion to dismiss the petition. (Dkt. no. 28). The Court made specific findings that Grounds 5B and 5D of the petition were unexhausted. (*Id.*) Petitioner was granted leave to do one of the following:

> (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

(Dkt. no. 28, at p. 10). Petitioner has filed a motion for a stay and abeyance. (Dkt. no. 45.) Respondents oppose petitioner's motion. (Dkt. no. 46.)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In the instant case, petitioner's federal petition is undisputedly a mixed petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This Court concludes that petitioner has satisfied the criteria for a stay under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

It is therefore ordered that petitioner's motion for issuance of stay and abeyance (dkt. no. 45) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims.

It is further ordered that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within forty-five (45) days from the entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that, as a condition of the stay, petitioner shall exhaust *all* of his unexhausted claims in state court during the stay of this action.

It is further ordered that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 6th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE