UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES HENRY GREEN,<br><br>              Petitioner,<br>v.<br><br>RENEE BAKER, et al.,<br><br>              Respondents. | Case No. 3:11-cv-00230-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss Grounds 5(b) and 5(d) of the petition. (ECF No. 55.)

**I.    PROCEDURAL HISTORY**

On December 14, 2007, the State of Nevada filed an information in the Eighth Judicial District Court for the State of the Nevada charging petitioner with one count of attempted murder with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, and one count of mayhem with use of a deadly weapon. (Exh. 1.)[1] After a jury trial, the jury returned a verdict finding petitioner guilty of one count of attempted murder with use of a deadly weapon and one count of mayhem with use of a deadly weapon. (Exh. 6.)

The state district court sentenced petitioner to 60 to 240 months for the attempted murder charge, with an equal and consecutive term for use of a deadly weapon, with the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 17 & 56.

| | |
|---|---|
| 1 | sentence to run consecutive to criminal case C238876. (Exh. 8.) The state district court |
| 2 | dismissed the mayhem charge as redundant and issued its judgment of conviction on |
| 3 | June 13, 2008. Petitioner appealed. (Exh. 9.) On May 13, 2009, the Nevada Supreme |
| 4 | Court affirmed petitioner's convictions. (Exh. 12.) |
| 5 | On May 3, 2010, petitioner filed a post-conviction petition in the state district court. |
| 6 | (Exh. 13.) The state district court denied post-conviction relief on July 24, 2010. (Exh. 14.) |
| 7 | Petitioner appealed the denial to the Nevada Supreme Court. (Exh. 15.) On January 13, |
| 8 | 2011, the Nevada Supreme Court affirmed the state district court's decision. (ECF No. 8- |
| 9 | 2 at 1-6.) |
| 10 | Petitioner filed his federal petition for writ of habeas corpus in this Court on March |
| 11 | 26, 2011. (ECF No. 1.) On August 24, 2011, respondents moved to dismiss several |
| 12 | grounds of the petition. (ECF No. 16.) On March 14, 2012, this Court issued an order |
| 13 | granting in part, and denying in part, respondents' motion to dismiss. (ECF No. 28.) The |
| 14 | Court ruled as follows: Grounds 5(b) and 5(d) are unexhausted; Grounds 1(a), 1(b), 2(a), |
| 15 | 3(d), 5(e) and 6(b)(1-5) are exhausted; Grounds 1(c) and 5(a) are dismissed as |
| 16 | procedurally defaulted; Grounds 1(a), 1(b), 2(a), 2(c), 4(c) and 5(e) are dismissed for |
| 17 | failure to state a claim; Grounds 2(b) and 2(d) state cognizable claims for habeas relief. |
| 18 | The Court gave petitioner options for addressing his unexhausted claims. Petitioner filed |
| 19 | a motion for a stay and abeyance while he exhausted Grounds 5(b) and 5(d) in state |
| 20 | court. (ECF No. 39.) On June 6, 2014, this Court granted petitioner's motion for a stay |
| 21 | and abeyance. (ECF No. 47.) |
| 22 | On his return to state court, petitioner presented Grounds 5(b) and 5(d) in his |
| 23 | petition filed on August 1, 2014. (Exh. 16.) The state district court denied the entire petition |
| 24 | by order filed December 15, 2014. (Exh. 17.) On April 15, 2015, the Nevada Court of |
| 25 | Appeals affirmed the state district court's denial of the petition. (Exh. 18.) |
| 26 | Upon his return from state court, petitioner filed a motion to reopen this case on |
| 27 | June 15, 2015. (ECF No. 48.) On March 9, 2016, the Court granted the motion to reopen |
| 28 | this case and directed respondents to answer the remaining grounds of the petition. (ECF |

No. 50.) On July 7, 2016, respondents filed the instant motion to dismiss Grounds 5(b) and 5(d) as procedurally barred. (ECF No. 55.) Petitioner filed an opposition. (ECF No. 66.) Respondents filed a reply brief. (ECF No. 69.)

## II. DISCUSSION

### A. Procedural Default Principles

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

## B. Analysis Regarding Independent and Adequate State Grounds

In Ground 5(b), petitioner claims that his right to due process was violated when the prosecution suppressed evidence of the extensive criminal history of victim Kevin Tippens, including arrangements provided to him in exchange for his testimony. In Ground 5(d), petitioner claims that his right to due process was violated when the state district court failed to make factual findings on certain issues and arrived at conclusions that were not supported by the record. (ECF No. 8 at 11.) On his return to state court, petitioner presented these claims in his petition filed on August 1, 2014. (Exh. 16.) The state district court denied the entire petition on December 15, 2014. (Exh. 17.) On April 15, 2015, the Nevada Court of Appeals affirmed the state district court's denial of the petition. (Exh. 18.) The Court of Appeals ruled that the petition was untimely pursuant to NRS 34.726(1). (*Id.* at 1-2.) The petition was also ruled to be successive and an abuse of the writ pursuant to NRS § 34.810. (*Id.*).

The Nevada Court of Appeals' application of the timeliness rule in NRS § 34.726(1) was an independent and adequate state law ground for procedural default. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Court's application of the successive petition rule of NRS § 34.810 constituted an independent and adequate state ground for procedural default. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The denial of the petition clearly and expressly rested on the state procedural bars invoked by the Court of Appeals. Because the claims in Ground 5(b) and 5(d) of the federal habeas petition were procedurally defaulted on independent and adequate state law grounds, these grounds of the petition must be dismissed, absent petitioner's showing of cause and prejudice.

## C. Cause and Prejudice

This Court has found that Grounds 5(b) and 5(d) of the federal petition were procedurally defaulted on independent and adequate state law grounds. "Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective

4

factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). In his opposition, petitioner repeats the underlying claims made in Grounds 5(b) and 5(d). (ECF No. 66). As to Ground 5(b), petitioner argues that he has good cause to overcome the procedural bars based on the fact that the State failed to disclose promises that were made to State's witness Kevin Tippens. Petitioner fails to demonstrate how the alleged failure to disclose such promises impeded his ability to file a timely claim. Petitioner also asserts that the state district court failed to make findings on certain issues, and this excuses his procedural default. Petitioner does not identify which issues the state court failed to address, and he fails to show how or why the state district court's failure to address issues impeded his ability to file a timely claim. Petitioner has failed to demonstrate that some objective factor external to the defense impeded his efforts to comply with the state procedural rules. *See Coleman v. Thompson*, 501 U.S. at 755.

This Court finds that the issues raised in Grounds 5(b) and 5(d) were procedurally defaulted in state court, and petitioner has failed to show cause and prejudice to excuse the procedural default. As such, Grounds 5(b) and 5(d) are barred from review by this Court and will be dismissed with prejudice.

**III.     CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (ECF No. 55) is granted. Grounds 5(b) and 5(d) of the petition are dismissed with prejudice as procedurally barred.

It is further ordered that respondents will file and serve an answer to the surviving grounds of the petition within thirty (30) days from the entry of this order. The answer must include substantive arguments on the merits as to each surviving ground of the petition. No further motions to dismiss will be entertained.

///

///

///

It is further ordered that petitioner must file and serve a reply to the answer, within thirty (30) days after being served with the answer.

DATED THIS 18th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE